This case results from an automobile intersectional collision, which occurred on May 3, 1939, at about 11:40 A.M. at the intersection of General Taylor and So. Johnson Streets in New Orleans.
A truck of the plaintiff company was being driven on General Taylor Street towards Lake Pontchartrain and a truck of the defendant Barton was being operated down So. Johnson Street. Both trucks were damaged, and the Weil Company brought this suit seeking judgment for $138.96 representing the cost of repairing the damage sustained by its truck.
Defendant Barton's truck was also damaged and he, by reconventional demand, prayed for judgment against the Weil Company in the sum of $46.50, which he alleged was the amount he had to spend to repair his truck.
It is charged by each party that the driver of the truck of the other party was negligent in driving into the intersection at too fast a speed and in not keeping a lookout. Each party claims that his driver had the right of way.
There was judgment for plaintiff for $138.96. The reconventional demand was dismissed and the defendant has appealed.
The defendant's truck approached the intersection from the left side of the plaintiff's truck, and it therefore follows that because of the provisions of the City Traffic Ordinance No. 13,702, the truck of the plaintiff was entitled to the right of way if they reached the intersection at about the same time. The evidence shows, without any doubt at all, that the defendant's truck crashed into the left side of the plaintiff's *Page 592 
truck, near the rear end, when the latter was almost across the intersection. As a result, plaintiff's truck was turned over, and, though defendant's driver denies that his truck moved any appreciable distance after the accident, the evidence shows to our complete satisfaction that he did proceed for a distance of about 40 feet.
The record is quite convincing that the two drivers were the only persons who actually saw the occurrence, though, on behalf of defendant, another witness, Falgoust, was produced, who stated that he was standing inside his house looking out his window at the time, and that he saw the whole occurrence, and that the defendant's truck entered the intersection first and at a slow speed, and that then plaintiff's truck entered at a very fast speed and crashed into it.
The record shows that Falgoust was not present and did not see the accident. He did appear on the scene a short time later and was interviewed by the driver of plaintiff's truck and, still later, by a representative of the plaintiff company. He told both that he had not seen the accident, and yet he appeared in court as a witness, and testified that he had seen the entire occurrence. Strangely enough, defendant seeks to show that he did not know of the presence of this witness until the very day before the trial of the case, though the witness stated, as did defendant's driver, that the witness had told the driver on the day of the accident that he had seen the occurrence. All of the testimony concerning the presence of this witness indicates that he saw nothing and knew nothing.
Defendant seeks to make much over the testimony of plaintiff's driver to the effect that as he entered the intersection he did not see defendant's truck, but he explains this statement by saying that, as he approached the intersection, he looked to his left, which was the direction from which defendant's truck was approaching, and that he then looked to his right and saw nothing coming from that direction, and then looked ahead and proceeded across, and that in the meantime defendant's truck had approached at such a terrific speed — he estimates it at about 40 miles an hour — that that truck crashed into him before he could complete the intersection.
Plaintiff's version of the occurrence is obviously the correct one. It was accepted by the judge of the trial court. Only questions of fact are involved. We see no reason to disturb the finding of our brother below.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at the cost of appellant.
Affirmed. *Page 656